IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00818-FL

| | |
|---|---|
| MICHAEL C. CARNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) |
| | ) |
| | )    ORDER |
| CHRISTOPHER H. DAY, in his individual | ) |
| capacity; and RALEIGH-DURHAM | ) |
| AIRPORT AUTHORITY, | ) |
| | ) |
|     Defendants. | ) |

This matter is before the court on defendant Raleigh-Durham Airport Authority's ("Airport Authority") amended motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 21). The issues raised are ripe for ruling. For the following reasons, defendant's motion is denied in part and granted in part.

## BACKGROUND

Plaintiff initiated this action in Superior Court of Wake County, North Carolina on August 24, 2016, asserting claims under 42 U.S.C. § 1983 and state tort law, arising from alleged use of excessive force by defendant Christopher H. Day ("Day"), an officer for the Raleigh-Durham police department, in an incident taking place on September 27, 2013. (DE 1-1). On September 22, 2016, defendant Day removed the action to this court pursuant to 28 U.S.C. § 1441 et seq. (DE 1). Defendant Airport Authority filed a partial motion to dismiss on October 20, 2016, seeking dismissal of claims against it for negligent hiring, retention and supervision and punitive damages on the basis

that such claims fail to state a claim for relief under Rule 12(b)(6). (DE 18). The next day, to cure certain electronic filing deficiencies, defendant Airport Authority filed the instant amended motion to dismiss, substantively identical to its original motion. (DE 21).

Plaintiff has taken a two-fold response to that motion. On November 9, 2016, plaintiff filed amended complaint. (DE 25). Plaintiff maintains claims against defendant Day under 42 U.S.C. § 1983 for violation of his federal constitutional rights, and state tort law for false imprisonment, false arrest, assault, battery, and negligence. Plaintiff also asserts a claim against defendant Airport Authority for negligent hiring, retention, and supervision and seeks to hold defendant Airport Authority liable for defendant Day's tortious conduct through the doctrine of *respondeat superior*. Plaintiff simultaneously filed memorandum in opposition to defendant Airport Authority's motion to dismiss. (DE 26).

Defendant Airport Authority contends in its reply filed November 23, 2016, that the factual allegations in plaintiff's amended complaint are too vague to state a plausible claim for negligent hiring, retention, and supervision under North Carolina law. Defendant also maintains that plaintiff may not secure punitive damages against it.

## STATEMENT OF FACTS

The facts alleged in plaintiff's amended complaint are summarized as follows. At all times relevant to this action, plaintiff was an information technology specialist with the Federal Aviation Administration. (DE 25 ¶ 11). Defendant Day was at all relevant times a police officer for the Raleigh-Durham police department. (Id. ¶ 14).

On September 27, 2013, plaintiff suffered a medical emergency on the lower level Terminal 2 at Raleigh-Durham International Airport ("RDU Airport"). (Id. ¶ 25). According to the amended

complaint, plaintiff had been standing outside baggage claim when he became lightheaded and fell forward. (Id.). Defendant Day, RDU Fire-Rescue, and Wake County EMS were dispatched to the scene. (Id. ¶ 24). RDU Fire-Rescue was first to arrive, followed by Wake County EMS. (Id.). When Wake County EMS arrived, personnel treated plaintiff inside an emergency vehicle. (Id. ¶ 28). Thereafter, RDU Fire-Rescue and Wake County EMS personnel monitored plaintiff for a period of 25 minutes. (Id. ¶ 29). Sometime during plaintiff's treatment, defendant Day arrived to the scene. (Id. ¶ 31). Defendant Day left the scene shortly thereafter, once he observed plaintiff and determined that his assistance was not needed. (Id.).

Following treatment, RDU Fire-Rescue and Wake County EMS determined that plaintiff was intoxicated and permitted him to make arrangements for his wife to pick him up. (Id. ¶¶ 33–34). RDU Fire-Rescue then issued a non-emergent call to defendant Day requesting his presence back at Terminal 2 to help accommodate plaintiff while he waited for his wife. (Id. ¶¶ 35–36). When defendant Day returned to Terminal 2, he allegedly "entered the ambulance, shouted obscenities at [p]laintiff in a verbally aggressive manner and, without provocation, grabbed [p]laintiff by the throat pushing him up the wall of the ambulance." (Id. ¶ 38). According to the amended complaint, when plaintiff tried to stand up, defendant Day "slammed [him] down" onto the ambulance's bench and "held [him] down with his knee, in order to handcuff him." (Id. ¶ 39). Defendant Day then escorted plaintiff to his vehicle, where he allegedly slammed plaintiff's face onto his trunk. (Id. ¶¶ 41–42). When plaintiff was pulled off the car, he had a "blood[y] laceration" on his left cheek. (Id. ¶ 43). At all relevant times plaintiff exhibited "no aggression, whatsoever." (Id. ¶ 48).

Thereafter, defendant Day took plaintiff to the Wake County Detention Center (the "Detention Center"). (Id. ¶ 47). After he arrived at the Detention Center, plaintiff was processed

3

and detained for 12 hours. (Id. ¶ 50). Plaintiff was not informed of any charges against him nor read his Miranda rights at any time prior to or during his detention. (Id. ¶¶ 45–46 and 50). Plaintiff was released from the Detention Center at approximately 5:50 a.m. on September 28, 2013. (Id. ¶ 53). At this time, plaintiff was not given any discharge paperwork or provided a court date. (Id. ¶ 53–54). No charges were ever filed against plaintiff. (Id. ¶ ¶ 51, 54).

Following the incident, the Raleigh-Durham police department conducted an internal investigation based in part on reports submitted by RDU Fire-Rescue personnel present at the scene of the September 27, 2013, incident. (Id. ¶ 55). The investigation concluded, in part, that defendant Day's actions on September 27 violated RDU Airport police department policy. (Id. ¶ 56).

**DISCUSSION**

A.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff, "but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

As noted, defendant Airport Authority argues in furtherance of its motion that plaintiff fails to state a claim against it for negligent hiring, retention, and supervision, and that plaintiff may not secure punitive damages against it.  The court now turns to the first part of its argument below.

1. Negligent Hiring, Supervision, and Retention

To state a claim for negligent employment or retention under North Carolina law a plaintiff must allege:

> (1) the specific negligent act on which the action is founded . . . ; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; and (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision, . . . ; and (4) that the injury complained of resulted from the incompetency proved.

Medlin v. Bass, 327 N.C. 587, 591 (1990) (quoting Walters v. Lumber Co., 163 N.C. 536, 541 (1913)).  Generally, a "plaintiff must show [an] employer's hiring or retention after actual or constructive knowledge of [an] employee's incompetence."  Id.  (citing Pleasants v. Barnes, 221 N.C. 173 (1942)).

Here, plaintiff alleges sufficient facts to state a claim for negligent hiring, retention, and supervision under North Carolina law.  Specifically, plaintiff alleges sufficient facts to permit an inference that defendant Airport Authority had actual or constructive notice of defendant Day's incompetence as a police officer.  In the amended complaint, plaintiff alleges that "[p]rior to his employment with [d]efendant Airport Authority, [d]efendant Day was involved in several local, high profile court cases in which [d]efendant Day's ethical behavior as a police officer as well as his over-aggression and failure to abide by individuals' constitutional rights were at issue." (DE 25 ¶ 19).  Accepting these facts as true, it is plausible that defendant Airport Authority should have

5

known about the alleged cases. It is also plausible that knowledge of the alleged cases would have put defendant Airport Authority on notice that defendant Day was unfit for police duty. At the very least, the allegations in the amended complaint "raise a reasonable expectation that discovery will reveal" evidence that defendant Airport Authority had constructive notice of facts establishing defendant Day's unfitness for police duty. Twombly, 550 U.S. at 545. Accordingly, plaintiff states a plausible claim for negligent hiring, supervision, and retention under North Carolina law.

Defendant Airport Authority argues that plaintiff's allegations do not contain facts sufficient to establish actual or constructive knowledge. First, defendant Airport Authority contends that the terms "local" and "high profile" are too vague to create an inference that it was or should have been aware of the alleged court cases involving defendant Day. Although the amended complaint does not state the precise location of the alleged cases or the extent to which they were publicized, accepting the alleged facts as true, it is plausible that defendant Airport Authority would have discovered the alleged court cases when exercising ordinary care investigating defendant Day's background.

Second, defendant Airport Authority contends that absent additional facts regarding the substance of the alleged cases, it cannot be charged with constructive notice of defendant Day's unfitness for police duty. Specifically, defendant argues that because the amended complaint fails to provide information regarding the parties involved, the nature of the charges and claims, and the final disposition of alleged cases, plaintiff's allegations are too vague to establish an inference of constructive knowledge. However, Rule 12(b)(6) does not require "detailed factual allegations." Iqbal, 556 U.S. at 678. Here, the facts alleged regarding the prior cases permit an inference of more than mere possibility of prior misconduct. Iqbal, 556 U.S. at 678. For this reason, the factual

6

allegations in the amended complaint are sufficient to "nudge[] [plaintiff's] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Further factual enhancement is not required to determine whether a plausible claim exists on the face of the amended complaint.

    2. Punitive Damages

In North Carolina it is well-established that unless expressly authorized by statute, punitive damages may not be recovered against municipal corporations. Long v. City of Charlotte, 306 N.C. 187, 207 (1982). Here, defendant Airport Authority is a municipal corporation under North Carolina law. See Raleigh-Durham Airport Auth. v. Stewart, 278 N.C. 227, 228 (1971). Furthermore, plaintiff's claims against defendant Airport Authority are common law tort claims. Plaintiff cites no statutory provision, and the court is aware of none, permitting punitive damages against defendant Airport Authority on these facts. Therefore, plaintiff's claim for punitive damages against defendant Airport Authority must be dismissed.

## CONCLUSION

Based on the foregoing, defendant's partial motion to dismiss (DE 21) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for negligent hiring, supervision and retention is allowed to proceed. Plaintiff's claim for punitive damages against defendant Airport Authority is DISMISSED.

SO ORDERED, this the 22nd day of December, 2016.

                                       _____
                                       LOUISE W. FLANAGAN
                                       United States District Judge